TAMILIA, Judge:
 

 The Commonwealth takes this appeal from the Order of November 5, 1993, granting in part defendant’s petition for a writ of habeas corpus and dismissing the charge of driving under the influence of alcohol, 75 Pa.C.S. § 3731(a)(1). A preliminary hearing on the charges was held on July 21, 1993 before a district justice, at the conclusion of which all charges were held for court. Defendant filed a petition for writ of habeas corpus on September 2, 1990, and a hearing was held on the petition on September 28, 1993 before the Honorable Ann H. Lokuta of the Court of Common Pleas of Luzerne County. On November 5, 1993, the trial court entered the Order which forms the basis of this appeal.
 

 
 *364
 
 The method for testing a finding of a
 
 prima facie
 
 case prior to trial, in this Commonwealth, is by a writ of habeas corpus.
 
 Commonwealth v. Hetherington,
 
 460 Pa. 17, 331 A.2d 205 (1975). Thereafter, our scope of review is limited to deciding whether a
 
 prima facie
 
 case was established at the preliminary hearing.
 
 Commonwealth v. Lynch,
 
 270 Pa.Super. 554, 411 A.2d 1224 (1979). Proof of guilt beyond a reasonable doubt is not required at this stage.
 
 Id.
 
 Rather, the Commonwealth must show “sufficient probable cause” that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.
 
 Id.
 

 To that end, we examine the evidence as established at the habeas corpus hearing. State Police Trooper Todd Leiby testified that on the evening of May 28, 1993, the State Police were operating a field sobriety checkpoint on State Route 11 in Hunlock Township, Luzerne County. As part of the operation, every vehicle was being stopped as it passed through the checkpoint. At or around 9:35 p.m., Trooper Leiby stopped defendant’s vehicle, and upon the defendant rolling down his window, the trooper detected a strong odor of alcohol. The trooper also noticed defendant had red, bloodshot eyes, slurred speech and refused to direct his voice toward the trooper. Further, defendant had some difficulty in producing his driver’s license, registration and proof of insurance. Trooper Leiby then requested defendant exit his vehicle and perform a field sobriety test, consisting of a one-leg stand, which defendant failed. At that point, defendant was placed under arrest. Defendant consented to a blood test and he was transported to a local hospital where blood was drawn, indicating a blood alcohol level of 0.16%. Trooper Leiby’s opinion, based upon his education, training and experience was that defendant was under the influence of alcohol to a degree which rendered him incapable of operating his vehicle safely.
 

 On appeal, the Commonwealth argues the above evidence established a
 
 prima facie
 
 case that defendant was operating a motor vehicle while under the influence of alcohol
 
 *365
 
 to a degree which rendered him incapable of safe driving. Appellee counters that because Trooper Leiby’s uncontradicted testimony established that appellee was not driving erratically and had committed no moving violation of the Vehicle Code, the evidence was insufficient to maintain a charge under 75 Pa.C.S. § 3731(a)(1).
 

 The Vehicle Code defines the offense of driving under the influence, in pertinent part, as follows:
 

 § 3731. Driving under influence of alcohol or controlled substance
 

 (a) Offense defined. — A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:
 

 (1) under the influence of alcohol to a degree which renders the person incapable of safe driving;
 

 (4) the amount of alcohol by weight in the blood of the person is 0.10% or greater.
 

 75 Pa.C.S. § 3731(a)(1) and (4).
 

 Our Supreme Court has stated:
 

 In order to establish appellee’s guilt the Commonwealth had to prove: (1) that he was operating a motor vehicle, (2) while under the influence of alcohol to a degree which rendered him incapable of safe driving. 75 Pa.C.S. § 3731(a)(1),
 
 Commonwealth v. Horn,
 
 395 Pa. 585, 590-91, 150 A.2d 872, 875 (1959).
 
 See also Commonwealth v. Arizini,
 
 277 Pa.Super. 27, 419 A.2d 643 (1980). Here, there is no dispute with respect to the first element. With respect to the second element, this Court has previously interpreted the phrase “under the influence of alcohol” thusly:
 

 The statute does not require that a person be drunk, or intoxicated, or unable to drive his automobile safely in traffic, but merely that the Commonwealth prove beyond a reasonable doubt that the defendant was operating his automobile under the influence of intoxicating liquor---The statutory expression “under the influence of intoxi
 
 *366
 
 eating liquor” includes not only all the well known and easily recognized conditions and degrees of intoxication, but also any mental or physical condition which is the result of drinking alcoholic beverages and (a) which makes one unfit to drive an automobile, or (b)
 
 which substantially impairs his judgment, or clearness of intellect, or any of the normal faculties essential to the safe operation of an automobile,
 

 Commonwealth v. Horn,
 
 395 Pa. 585, 590-91, 150 A.2d 872, 875 (1959) (emphasis added).
 
 [5]
 

 Thus, substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. Its meaning is not limited to some extreme condition of disability.
 

 Commonwealth v. Griscavage,
 
 512 Pa. 540, 545-46, 517 A.2d 1256, 1258 (1986).
 

 The
 
 Griscavage
 
 Court, in reversing, found error in the Superior Court’s “application of a hitherto unapproved rule of law which provided that the manner of operation of an automobile must be extreme and uncontrolled before it may be allowed to serve as a basis for a reasonable inference that it was caused by the inference of alcohol.”
 
 Id.
 
 at 547, 517 A.2d at 1259.
 

 We find analogous this Court’s decision in
 
 Commonwealth v. Wilson,
 
 381 Pa.Super. 253, 553 A.2d 452 (1989). In
 
 Wilson,
 
 appellant was arrested and convicted under both section 3731(a)(1) and (a)(4), after police found appellant belligerent, disorderly and apparently in a highly intoxicated state attempting to drive his car from an Elks Club parking lot. Wilson argued that since driving under the influence of alcohol is defined in the Vehicle Code as a “Serious Traffic Offense”,
 
 *367
 
 which offenses must be committed on a highway or a traffic-way, his conviction should be reversed, inasmuch as the Elks Club parking lot was neither a highway nor a trafficway.
 
 See
 
 75 Pa.C.S. §§ 3101; 102.
 

 This Court agreed with an earlier Commonwealth Court finding that the legislature intended parking lots to be included within the definition of trafficways. “It would raise form to towering levels above substance if parking lots, in which vehicular traffic is encouraged and occurs, sometimes at high rates of speed, were to become ‘DWI-free zones,’ in which drunk driving is tolerated from entrance to exit.
 
 Such a construction would seriously undermine the effectiveness of any drunk driving
 
 prohibitions.”
 
 Wilson, supra
 
 at 257, 553 A.2d at 454 (emphasis added).
 
 See Commonwealth v. Owen,
 
 397 Pa.Super. 507, 580 A.2d 412 (1990) (Dissenting Opinion by Tamilia, J.).
 

 An Act of Assembly which imposes penal sanctions for violations of its provisions must be strictly construed. 1 Pa.C.S. § 1928.
 
 Commonwealth v. Hill,
 
 481 Pa. 37, 391 A.2d 1303 (1978). “However, strict construction does not require that the words of a criminal statute be given their narrowest meaning or that the legislature’s evident intent be disregarded.”
 
 Commonwealth v. Gordon,
 
 511 Pa. 481, 486-87, 515 A.2d 558, 561 (1986). In attempting to ascertain the meaning of a statute, we are required to consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation.
 
 Commonwealth v. Stewart, 375
 
 Pa.Super. 585, 544 A.2d 1384 (1988). We are to presume the legislature did not intend a result that is absurd or unreasonable.
 
 Commonwealth v. Martorano,
 
 387 Pa.Super. 151, 563 A.2d 1229 (1989).
 

 Conversely, appellee’s suggested construction of section 3731(a)(1) could result in the following hypothetical situation. A drunken driver is fortuitous enough not to topple safety cones, strike police cruisers or otherwise drive erratically when approaching a sobriety checkpoint. When met by police, however, the driver exhibits an odor of alcoholic beverage,
 
 *368
 
 bloodshot eyes, slurred speech, has difficulty producing his driver’s license, registration and insurance cards and is unable to complete successfully a field sobriety test. Nevertheless, by refusing to consent to blood or chemical testing, the driver thwarts any determination that his blood alcohol level was greater than 0.10%. Consequently, the driver may not be charged under 3731(a)(1) or (a)(4). Although the driver would face an automatic one-year suspension of his driving privilege, no criminal sanction would attach. 75 Pa.C.S. § 1547(b)(1). Clearly, the legislature did not intend such a construction, which “would seriously undermine the effectiveness- of any drunk driving prohibitions.”
 
 Wilson, supra.
 
 Such an interpretation would also render meaningless the operation of sobriety checkpoints, which have proven to be effective deterrents to drunk driving.
 

 We also find instructive a footnote in a Supreme Court decision reached several months before
 
 Griscavage.
 
 In that case,
 
 Commonwealth v. McGinnis,
 
 511 Pa. 520, 515 A.2d 847 (1986), appellant was stopped for a summary, traffic offense and when he exhibited signs of intoxication, was placed under arrest and charged with driving under the influence. As dicta, the Supreme Court stated:
 

 While the testimony of the police was sufficient to establish their probable cause in arresting Appellant and requesting him to submit to a breathalyzer test, it does not follow that their observations of Appellant established a sufficiently independent basis for finding that Appellant was, in fact, guilty of violating 75 Pa.C.S. § 3731(a)(1). The witnesses who testified against Appellant observed that Appellant was argumentative, belligerent, fumbled through his cards to find proper identification, had glassy and slightly bloodshot eyes, and had an odor of alcohol about him. No testimony was offered, however, concerning whether Appellant had trouble walking on his own, whether he staggered, had slurred or incoherent speech, or performed poorly on a physical coordination test. In fact, it was admitted that no sobriety test was conducted in this case.
 

 
 *369
 
 The fact that a person becomes belligerent or has difficulty in finding his driver’s license or owner’s card under a stressful situation, has bloodshot eyes at 5:00 a.m., or glassy looking eyes when a strong flashlight is turned on him does not establish intoxication. The only evidence supportive of a conclusion of Appellant’s intoxicated state was the observation of the officers that Appellant had an odor of alcohol about him. Without additional testimony to establish whether Appellant could ambulate on his own and speak coherently, or other evidence to show that Appellant was not in control of himself, we find the evidence insufficient to establish that Appellant was under the influence of alcohol to a degree which rendered him incapable of safe driving.
 

 Id.
 
 at 526 n. 4, 515 A.2d at 851. The Supreme Court’s observation indicates to this Court a charge under section 3731(a)(1) supported by sufficient evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, could establish the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving. Viewing
 
 McGinnis
 
 together with
 
 Griscavage,
 
 we find a charge of driving under the influence under section 3731(a)(1), alleging the driver incapable of safe driving, is not precluded merely because at the time of arrest the driver was not observed to drive unsafely.
 

 In the case before us, Trooper Leiby presented uncontradicted evidence that defendant had a strong odor of alcohol about him and bloodshot eyes. More significantly, defendant had difficulty producing his driver’s license and registration, had slurred speech and was unable to stand on one foot for more than three seconds. We find this evidence is precisely the additional testimony of which
 
 McGinnis
 
 speaks and which establishes a
 
 prima facie
 
 case that appellee was under the influence of alcohol to a degree which rendered him incapable of safe driving.
 

 For these reasons, we find the trial court erred in dismissing the charge under section 3731(a)(1), and we reverse that portion of the Order of November 5, 1993.
 

 
 *370
 
 Order reversed in part and case remanded for proceedings consistent with this Opinion.
 

 Jurisdiction relinquished.
 

 [5]
 

 . Though
 
 Commonwealth
 
 v.
 
 Horn,
 
 395 Pa. 585, 150 A.2d 872 (1959), was decided under a prior drunk driving statute, we see no reason to tamper with its requirements in establishing the element of “under the influence”; and we note that the wording of the present statute, in defining this element, parallels our wording in that case.
 
 Compare Horn, supra,
 
 with 75 Pa.C.S. § 3731(a)(1).