658 A.2d 352

**COMMONWEALTH of Pennsylvania**

v.

**Lori RISHEL, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 2, 1995.

Filed April 13, 1995.

Joseph K. Cottrell, Williamsport, for appellant.

Daniel E. Holmes, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before TAMILIA, HUDOCK and FORD ELLIOTT, JJ.

TAMILIA, Judge.

Appellant, Lori Rishel, takes this appeal from the judgment of sentence of February 11, 1994 imposing a term of imprisonment of five (5) days to twenty-three (23) months, and a fine of

$25. Appellant was found guilty by a jury of two counts of driving under the influence of alcohol,[1] and the trial court adjudicated appellant guilty of the summary offense of failing to drive at a safe speed.[2]

On appeal, appellant first argues one of the statutes under which she was found guilty of driving under the influence violates her due process rights, and is therefore unconstitutional. Appellant claims part of the driving under the influence statute, 75 Pa.C.S. § 3731(a)(5)(i), as well as the statutory defense provided, 75 Pa.C.S. § 3731(a.1), impermissibly shifts the burdens of proof and persuasion from the Commonwealth to the defendant. The statute provides as follows:

**§ 3731. Driving under influence of alcohol or controlled substance**

**(a) Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

. . . .

(5) if the amount of alcohol by weight in the blood of the person is 0.10% or greater at the time of a chemical test of a sample of the person's breath, blood or urine, which sample is:

(i) obtained within three hours after the person drove, operated or was in actual physical control of the vehicle[.]

**(a.1) Defense.**—It shall be a defense to a prosecution under subsection (a)(5) if the person proves by a preponderance of evidence that the person consumed alcohol after the last instance in which he drove, operated or was in actual physical control of the vehicle and that the amount of alcohol by weight in his blood would not have exceeded 0.10% at the time of the test but for such consumption.

*Id.* Appellant claims "[i]nsofar as the Commonwealth must establish the .10% element of the offense, the defense set forth in subsection (a.1) clearly operates to negate an essential element of the offense." We disagree.

1. 75 Pa.C.S. §§ 3731(a)(1); 3731(a)(5)(i).
2. *Id.,* § 3361.

 As an initial matter, we note the heavy burden of persuasion upon one who challenges the constitutionality of an Act of Assembly and the strong presumption of constitutionality of that legislative enactment. *Commonwealth v. Mikulan,* 504 Pa. 244, 470 A.2d 1339 (1983); *Commonwealth v. Barnes,* 427 Pa.Super. 326, 629 A.2d 123 (1993). A statute will not be invalidated unless there is a clear, palpable and plain demonstration that the statute violates a constitutional provision. *Commonwealth v. Kohl,* 532 Pa. 152, 615 A.2d 308 (1992).

Subsections (a)(5) and (a.1) are the most recent additions to the driving under the influence statute. P.L. 1411, No. 174, § 12, Dec. 18, 1992, effective February 16, 1993. As such, this Court has not been presented with a challenge to the constitutionality of the new enactments.[3] However, we find an analogous situation exists in section (a)(4) of the statute. Section (a)(4) provides that a person "shall not drive, operate or be in actual physical control of the movement of any vehicle ... while the amount of alcohol by weight in the blood of the person is 0.10% or greater...." 75 Pa.C.S. § 3731(a)(4). Soon after its enactment, the validity of section (a)(4) was challenged and it was found to be constitutional. *Mikulan, supra.*

 In upholding the validity of section 3731(a)(4), the *Mikulan* Court found the statute was not overly broad or vague in setting an arbitrary figure, 0.10%, for the blood alcohol level beyond which motor vehicle operation is prohibited, and further found the *per se* Motor Vehicle Code violation contained in section 3731(a)(4) rationally and reasonably related to achieving the compelling interest in protecting the health and safety of motorists from drunken drivers. *Id.* 504 Pa. at 250, 470 A.2d at 1342. Moreover, the Court found "no constitutional, statutory or common law right to the consumption of *any* quantity of alcohol before driving and there is little doubt that the legislature could, if it so chooses, prohibit driving

3. Our Supreme Court has agreed to consider this issue in *Commonwealth v. Barud,* (64 W.D.App.Dkt.1994). Jurisdiction noted October 31, 1994; Order granting stay of lower court Order entered January 5, 1995.

within a certain reasonable time after drinking *any* amount of alcohol (so long as the prohibition was rationally related to the legitimate legislative purpose)." *Id.* at 254, 470 A.2d at 1344. Absent a more specific claim from appellant, we find the holding in *Mikulan* equally applicable to our analysis of section 3731(a)(5)(i), and we find the statute constitutionally valid.

Appellant does claim specifically, however, that the statutory defense to section 3731(a)(5), codified at 75 Pa.C.S. § 3731(a.1), is unconstitutional because it negates an essential element of the offense of driving under the influence. Again, we disagree.

In order to obtain a conviction under section 3731(a)(4), the Commonwealth must prove two elements: (1) that the defendant was driving, operating or in control of a vehicle, and (2) that the defendant had an amount of alcohol in the blood that was equal to or greater than 0.10% by weight. *Commonwealth v. Wanner*, 413 Pa.Super. 442, 605 A.2d 805 (1992). Section (a)(5)(i) adds a third element: (3) ... as determined by a chemical test of a sample of the defendant's breath, blood or urine obtained within 3 hours after the person drove, operated or was in control of the vehicle.

In a prosecution under section 3731(a)(5)(i), the defendant is provided with a statutory defense allowing him to prove, by a preponderance of evidence, that he consumed alcohol after he drove, operated or was in control of a vehicle, and that the amount of alcohol in the blood would not have exceeded 0.10% at the time of the test but for such consumption. 75 Pa.C.S. § 3731(a.1). This defense in no way relieves the Commonwealth of its burden of proving beyond a reasonable doubt each of the above three elements of section 3731(a)(5)(i), and does not negate any of those elements. The Commonwealth has the heavy burden of proving beyond a reasonable doubt that appellant operated/controlled the vehicle, while having a blood alcohol level of .10% by weight, as established within three hours of operating/controlling the vehicle. § 3731(a)(1). In contrast the defendant is permitted

to rebut this evidence by only a preponderance of the evidence that he (1) consumed alcohol after driving and controlling the vehicle and (2) his blood alcohol level would not have exceeded .10% at the time of the test but for such consumption.

By its very nature, alcohol ingestion results in a change in the blood alcohol level dependent upon various factors including body weight, food ingestion, length of time between ingestion and testing and number and frequency of drinks depending on their alcoholic content. As stated above, use of alcohol while driving is theoretically capable of zero toleration by the legislature because of its inherently dangerous consequences. At this point in time, regulating the danger and establishing a reasonable and fair standard of proving violation of the law, which has arbitrarily been placed at driving while having a blood alcohol level of .10%, the legislature has bracketed this blood level as falling within three hours of the time it can be established beyond a reasonable doubt that a party was operating or in control of the motor vehicle. This is necessary to give reasonable notice as to the charge, what the Commonwealth must prove and what the defendant can put forth in the way of mitigation or in affirmative defense. Appellant argues that the burden should never shift from the Commonwealth to prove all elements of a charge, beyond a reasonable doubt, however, she contends that addition of section 3731(a)(1) unconstitutionally shifts the burden to the defendant to disprove her guilt. Such is not the case.

It has long been the law that despite apparently overwhelming evidence of various crimes which standing alone would establish proof beyond a reasonable doubt, affirmative defenses in the nature of insanity, intoxication, self-defense automatism, coercion, alibi and duress are available to a defendant. (*Black's Law Dictionary* 55 (5th ed. 1979).) Obviously such defenses are not legally sufficient by mere allegation, and the law demands that they be established by at least the minimum level of reliability acceptable which is a preponderance of the evidence. It is noted that defenses in these class of cases are unique in that they deal with states of minds

or physical/mental conditions that lie within the particular purview of a defendant's knowledge and capacity to raise a reasonable doubt. The result of producing such facts is to negate the effect of the Commonwealth's prima facie showing of guilt beyond a reasonable doubt. The classic example is the case in which a person charged with theft of property carries the burden of showing possession of the property was without knowledge that it was stolen. *Barnes v. U.S.*, 412 U.S. 837, 846 n. 11, 93 S.Ct. 2357, 2363 n. 11, 37 L.Ed.2d 380, 387 n. 11 (1973). We have long held that the burden of proving an affirmative defense which does not negate an element of an offense may be placed on the defendant. *Commonwealth v. Hilbert,* 476 Pa. 288, 382 A.2d 724 (1978); *Commonwealth v. Shenkin,* 337 Pa.Super. 517, 487 A.2d 380 (1985). In this respect, we find section 3731(a.1) analytically similar to other statutory defenses embodied in the Crimes Code.[4] *cf.* 18 Pa.C.S. §§ 3102, **Mistake as to age,** 3923, **Theft by extortion,** (b) **Defenses.**

Even more to the point are the legal principles and supporting case law which hold that logic and the ends of justice require that a defense, *particularly where statutorily imposed as an exception,* be proved by the defendant. Where the facts relating to an exception incorporated in the enacting clause of a criminal statute are difficult for the state to obtain and are at the same time peculiarly within the knowledge of defendants, the exception is usually considered as a defense or justification and not as part of the description of the offense itself, particularly in determining the burden of proof. 22 C.J.S. Criminal Law, IV. Defenses and Circumstances Barring Prosecution or Conviction Generally, § 46. In General.

Where the subject matter of a negative averment in the indictment, or a fact relied on by accused as a justification or excuse, relates to him personally or otherwise lies peculiarly within his knowledge, and proof of its nonexistence by the prosecution would be relatively difficult or inconvenient,

---

4. Although driving under the influence is codified in the Vehicle Code, no distinction is made among crimes defined under the Crimes Code and crimes defined under other statutes. *Commonwealth v. Cunningham,* 248 Pa.Super. 219, 375 A.2d 66 (1977).

the general rule is that the burden of proof as to such averment or fact is on defendant. However, this burden may not be unduly harsh or unfair.

The prosecution need not adduce positive evidence to support a negative averment, the truth of which is fairly indicated by established circumstances, and which, if untrue, could be readily disproved by evidence probably within accused's control.

22A C.J.S. Criminal Law, Facts Peculiarly Within Accused's Knowledge § 686 (footnotes omitted).

Almost 50 years ago, in *Commonwealth v. Bitzer*, 163 Pa.Super. 386, 62 A.2d 108 (1948), the issue presented here was squarely before this Court on a violation of a criminal statute for rendering service as a public utility without a certificate of public convenience. In *Bitzer*, as here, the Commonwealth established a prima facie case of the violation, beyond a reasonable doubt, but the defendant could escape culpability by proving by a fair preponderance of the evidence that he came within an excusable exception. There, we stated:

We think there was thus presented for the jury's consideration a conflict of evidence on the question of whether defendant had brought himself within the statutory exception exempting " * * * any independent contractor * * * hauling agricultural products or farm supplies exclusively for one or more owners or operators of farms." The Commonwealth had the burden of establishing a violation of the Act and defendant's guilt beyond a reasonable doubt, as in all criminal prosecutions. When the Commonwealth presented a prima facie case by showing the rendering of a service as a public utility without a certificate of public convenience, the defendant then had the duty of going forward with the proof and establishing to the satisfaction of the jury, by a fair preponderance of the evidence, that he came within the excusable exception.

*Id.* at 389, 62 A.2d at 110 (citations omitted).

In *Commonwealth v. Saccol*, 384 Pa.Super. 161, 557 A.2d 1095 (1989), this Court held it was not up to the Common-

wealth to prove that defendant lacked authority to operate or did not have consent to operate a device to intercept communications in order to prove willfully intercepting and disclosing information derived from wiretapping or electronic surveillance. We held that the burden of providing evidence of authority or of consent to conduct interception falls on defendant as a matter of defense.

[I]t is a matter of examining the structure of the statute or each of its sections and the nature of the prohibition in determining the issue of the burdens to be carried[.]" *Id.* at 170, 557 at 1100. The *Saccol* court adopted the language of *McKelvey v. United States*, 260 U.S. 353, 43 S.Ct. 132, 134, 67 L.Ed. 301, —— (1922), and stated:

By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the element of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it.

*Saccol* at 172, 557 at 1101.

For these reason, we find appellant's constitutional claims without merit.

Appellant next claims the evidence was insufficient to sustain her convictions under 75 Pa.C.S. §§ 3731(a)(1) and 3361.

In reviewing a sufficiency of the evidence claim, we view the evidence in the light most favorable to the verdict winner and determine whether there is sufficient evidence to prove every element of the crime beyond a reasonable doubt. The Commonwealth may sustain its burden of proving each element beyond a reasonable doubt using wholly circumstantial evidence.

The crime of operating a vehicle while under the influence of alcohol requires that the Commonwealth prove two elements beyond a reasonable doubt: (1) defendant was driving, operating, or in actual physical control of the automo-

bile, (2) while under the influence of alcohol to a degree which rendered him incapable of safe driving.

*Commonwealth v. Byers,* 437 Pa.Super. 502, 504–05, 650 A.2d 468, 469 (1994) (citations omitted).

Recently, this Court also analyzed *Commonwealth v. Griscavage,* 512 Pa. 540, 517 A.2d 1256 (1986), and *Commonwealth v. McGinnis,* 511 Pa. 520, 515 A.2d 847 (1986), and stated:

[A] charge under section 3731(a)(1) supported by sufficient evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, could establish the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving. Viewing *McGinnis* together with *Griscavage,* we find a charge of driving under the influence under section 3731(a)(1), alleging the driver incapable of safe driving, is not precluded merely because at the time of arrest the driver was not observed to drive unsafely.

*Commonwealth v. Kowalek,* 436 Pa.Super. 361, 368, 647 A.2d 948, 952 (1994).

In this case, the arresting officer testified that he came in contact with appellant approximately one hour after she first reported an automobile accident, and at that time appellant had an odor of alcoholic beverage about her and appeared confused and incoherent, although she stated she was not injured. Appellant failed two field sobriety tests and informed the officer that she had drunk two 16–ounce beers in the course of the evening. Appellant further informed the officer she did not drink any alcoholic beverages after her vehicle became disabled. Appellant then was placed under arrest and transported to the hospital for blood testing (N.T., 11/9/93, pp. 87; 90–94). We find this evidence sufficient to establish appellant was under the influence of alcohol to a degree which rendered her incapable of safe driving. *Kowalek, supra,* 436 Pa.Super. 361, 647 A.2d 948.

As to the trial court's adjudication of guilt for failing to drive at a safe speed, the Vehicle Code provides:

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S. § 3361. Appellant contends only that the "evidence submitted concerning Appellant's operation of her vehicle is not so bizarre or out of the ordinary that a finder of fact can conclude, beyond a reasonable doubt, that Appellant was not driving at a safe speed." (Appellant's brief at 22–23.)

Appellant's contention ignores the fact that the credibility of witnesses and the weight to be accorded the evidence produced are matters within the province of the trier of fact, who is free to believe all, some or none of the evidence. *Commonwealth v. Yetsick,* 402 Pa.Super. 615, 587 A.2d 788 (1991). In this case, appellant testified that she was unable to maintain control of her vehicle, and the arresting officer testified it was his opinion that she simply had failed to negotiate the turn in the roadway where the accident occurred. The trier of fact was free to believe the Commonwealth evidence that appellant was not driving at a safe speed, as that offense is enumerated in the Vehicle Code, and reject appellant's testimony to the contrary. Therefore, this sufficiency of the evidence claim is also without merit.

Appellant's final claim is that the trial court erred in allowing the Commonwealth to proceed on 75 Pa.C.S. § 3731(a)(5)(i), where that charge was not included in the original complaint. Section (a)(5)(i) became effective on February 16, 1993. Appellant was arrested on February 23, 1993 and charged by criminal complaint on March 8, 1993 with

driving under the influence, 75 Pa.C.S. §§ 3731(a)(1) and (4). A preliminary hearing was held on April 22, 1993, and on May 1, 1993, the district attorney filed an information charging appellant with violations of sections 3731(a)(1) and (a)(4), as well as (a)(5)(i). Prior to commencement of trial on November 9, 1993, the trial court inquired about the addition of section 3731(a)(5)(i), of which the assistant district attorney and defense counsel both were unaware. Defense counsel objected to the Commonwealth proceeding under section 3731(a)(5)(i), but after determining that appellant had failed to timely raise the objection, the trial court allowed the Commonwealth to proceed under the information as filed.

Rule 225 of the Rules of Criminal Procedure provides, in pertinent part:

(a) In counties in which the indicting grand jury has been abolished, after the defendant has been held for court, the attorney for the Commonwealth ... shall proceed by preparing an information and filing it with the court of common pleas.

(b) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

. . . . .

(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint[.]

Pa.R.Crim.P. 225.

Counsel for appellant concedes he received a copy of the information filed May 1, 1993, but did not challenge the validity of the information for nearly six months. A request to quash an information must ordinarily be made in an omnibus pretrial motion for relief or it is considered waived. Pa. R.Crim.P. 306; *Commonwealth v. La*, 433 Pa.Super. 432, 640 A.2d 1336 (1994). Consequently, this issue was not preserved for review.

598

For all of the foregoing reasons, we find appellant's claims without merit, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

FORD ELLIOTT, J., concurs in the result.