J-A15026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JON RAYMOND SERIANNI | : | |
| | : | |
| Appellant | : | No. 1071 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 19, 2020,
in the Court of Common Pleas of Cameron County,
Criminal Division at No(s): CP-12-CR-0000023-2019.

BEFORE: BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: AUGUST 29, 2022**

Jon Serianni appeals *pro se* from the judgment of sentence imposed after he plead guilty to possession of child pornography and related charges.[1] We affirm.

In early 2019, the Pennsylvania Office of Attorney General (OAG) discovered that an IP address associated with Serianni was routing and requesting blocks of digital files containing child pornography. OAG agents executed a search warrant at Serianni's house and uncovered a computer containing 15 video files depicting the sexual abuse of children.

The OAG, through a criminal complaint filed April 24, 2019, charged Serianni with 15 counts of possession of child pornography and 1 count of criminal use of a communication facility. Serianni waived his right to a

---

[1] 18 Pa.C.S.A. §§ 6312(d) and 7512(a).

preliminary hearing, the charges were held for court, and the OAG filed a criminal information on May 9, 2019, reasserting all 16 charges. Serianni did not challenge the information before the trial court.

On January 21, 2020, Serianni agreed to plead guilty to Counts 1–6 of the information for possession of child pornography and to Count 16 of the information for criminal use of a communication facility. Serianni agreed that Counts 1 through 6 would each carry consecutive two-to-four-year sentences of incarceration, and that count 16 would carry a sentence of one-to-two years to run concurrently with Counts 1–6, for an aggregate sentence of 12–24 years. The OAG agreed to *nolle pros* the remaining charges. Serianni effectuated the agreement through a written guilty plea colloquy dated January 21, 2020. The trial court accepted Serianni's guilty plea, concluding that the plea was made knowingly, intelligently, and voluntarily.

Serianni appeared for a scheduled sentencing hearing on May 19, 2020. His attorney advised the trial court that Serianni wanted to consult with other attorneys. Following a recess, Serianni formally moved to continue, which the court denied. Serianni stated that he was not requesting to withdraw his plea. The trial court then sentenced Serianni to the agreed term of imprisonment under the plea deal, as well as a total fine of $17,500.00.

Serianni filed a post-sentence motion arguing that the trial court should have granted his motion for a continuance or should have allowed him to withdraw his guilty plea. The trial court heard and denied this motion on September 4, 2020. Seranni appealed.

Serianni raises the following issues on appeal:

I.    The Criminal Information is Constitutionally defective and fails to comport with due-process as it fails to differentiate between the fifteen criminal offenses which are identical and indistinguishable, thus denying his Constitutional right to prepare a defense, notice of the offense, protection from double jeopardy, fair trial, and due-process.

II.    Appellant was denied his Sixth amendment guarantee of a speedy trial, denied right to due-process and equal protection of the law, thereby making it impossible for the court to have jurisdiction of the Criminal Action/Criminal Information.

III.    Appellant's (6) six consecutive sentences are devoid of reflecting six distinct and separate criminal acts that violate 18 [Pa.C.S.A.] § 6312 (d) thereby violating his right to be free from double jeopardy, as the other (9) counts of § 6312(d) were nolle prossed, also were not separate, distinct, or differentiated in any way.

IV.    The criminal fines of $17,500.00 imposed by the court violate the **Apprendi**[2] rule. Criminal fines, like other forms of punishment, are penalties inflicted by the state and are substantial enough to trigger the sixth amendment's jury-trial guarantee. **Apprendi** applies.

V.    The guilty plea is invalid as it was not knowingly and intelligently entered. It was impossible to understand the elements of each offense as there was a possible (9) different offenses in each count because of vague offenses filed in the criminal information. The plea contained (6) offenses that are identical and undifferentiated. The remaining (9) offenses were nolle prossed and which were exactly the same as the plead offenses, thus violating double jeopardy. It cannot be proved beyond doubt that the plead offenses are not the same ones that were nolle prossed.

---

[2] **Apprendi v. New Jersey**, 530 U.S. 466 (2000).

Serianni's Brief at V.

In evaluating each of Serianni's issues, we will first determine whether they have been preserved for appellate review. The Commonwealth maintains that Serianni has waived all five issues because he raises them for the first time on appeal. Under our rules of appellate procedure, issues raised for the first time on appeal are waived. Pa.R.A.P. 302. "[A] 1925(b) statement can therefore never be used to raise a claim in the first instance. **Steiner v. Markel**, 968 A.2d 1253, 1257 (Pa. 2009). "[T]o preserve an issue for appellate review, a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court. Failure to timely object to a basic and fundamental error will result in waiver of that issue." **State Farm Mut. Auto. Ins. Co. v. Dill**, 108 A.3d 882, 885 (Pa. Super. 2015). We cannot address the merits of a waivable issue that has not been preserved for appellate review.

In his first issue, Serianni claims that the Criminal Information in this case is defective. Under our Rules of Criminal Procedure, a request to quash or dismiss an information must be made in an omnibus pretrial motion. Pa.R.Crim.P. 578(5). This Court has further clarified that "[a] request to quash an information must be made in an omnibus pretrial motion for relief or it is considered waived." **Commonwealth v. Martin**, 694 A.2d 343, 344 (Pa. Super. 1997) (quoting **Commonwealth v. Rishel**, 658 A.2d 352, 358 (Pa. Super. 1995)).

Here, Serianni failed to challenge any aspect of the information in an omnibus pretrial motion. Serianni entered into a negotiated plea deal with the OAG on January 21, 2020, 218 days after the information was filed. Similarly, the trial court sentenced Serianni on May 19, 2020, 119 days after Serianni pleaded guilty. Despite having ample time to challenge the information, Serianni failed to do so at either the plea or sentencing stage. Since Serianni failed to raise the issue at the appropriate stage in the proceeding before the trial court and cannot challenge an information for the first time on appeal, this claim is waived.

In his second issue, Serianni claims that he was denied his right to a speedy trial. A speedy trial claim is waived when raised for the first time on appeal. ***Commonwealth v. Cain***, 906 A.2d 1242, 1244 (Pa. Super. 2006). Since Serianni raises a speedy trial issue for the first time in his 1925(b) statement, he waived this claim as well.

In his third issue, Serianni makes a double jeopardy claim, arguing that his "six consecutive sentences are devoid of reflecting six distinct and separate criminal acts." Serianni's Brief at V. Although Serianni failed to raise a double jeopardy claim prior to his 1925(b) statement, double jeopardy claims that challenge the legality of one's sentence can be raised for the first time on appeal. ***Commonwealth v. Hill***, 238 A.3d 399, 409 (Pa. 2020). Thus, we consider the merits of this claim.

"[A]n appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*." **Commonwealth. v. Kearns**, 70 A.3d 881, 884 (Pa. Super. 2013) (quoting **Commonwealth v. Vargas**, 947 A.2d 777, 780 (Pa. Super. 2008)).

By statute, "[a]ny person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material" which depicts a minor "engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S.A. § 6312.

With respect to double jeopardy challenges, our Supreme Court explained that "each photograph or computer depiction constitutes a distinct occurrence of offensive conduct in violation of Section 6312(d)." **Commonwealth v. Davidson**, 938 A.2d 198, 219 (Pa. 2007). Thus, a conviction of multiple counts of child pornography stemming from a single possession does not implicate double jeopardy. **Id.**

Here, Serianni pled guilty to six counts of possession of child pornography. Subsequently, the trial court sentenced him on all six counts. Each count of child pornography corresponds to a separate illegal video file possessed by Serianni. Since the possession of each video represents a distinct offense under Section 6132(d), double jeopardy does not bar

Serianni's six consecutive sentences. Therefore, Serianni is not entitled to relief on this issue.

In his fourth issue, Serianni argues that the fines imposed by the trial court violate the **Apprendi** rule because the amounts were determined by the trial court and not a jury. "Because a challenge to a sentence premised upon **Apprendi** implicates the legality of that sentence, it cannot be waived on appeal." **Commonwealth v. Snyder**, 251 A.3d 782, 795 (Pa. Super. 2021). Thus, we must also consider the merits of Serianni's **Apprendi** challenge.

A challenge to the legality of a sentence is a question of law, for which this court's standard of review is *de novo* and its scope of review is plenary. **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa. Super. 2014).

Under the **Apprendi** rule, "any fact [other than a prior conviction] that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea." **Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2014). The United States Supreme Court held that the **Apprendi** rule applies to sentences of criminal fines. **S. Union Co. v. United States**, 567 U.S. 343, 346 (2012). However, this Court explained that the **Apprendi** rule is not implicated when an actual sentence for an offense falls below its statutory maximum. **Commonwealth v. Lowery**, 784 A.2d 795, 800 (Pa. Super. 2001).

Here, the criminal fines at issue do not violate the *Apprendi* rule. The trial court imposed a fine of $17,500.00, an amount far below the statutory maximum amount of $165,000.00. For that reason alone, Serianni's *Apprendi* challenge fails. Furthermore, the maximum sentence for Serianni's offenses was based entirely on his guilty plea. The court did not determine any fact that increased Serianni's maximum sentence. The only facts at issue here were incorporated and admitted in Serianni's guilty plea.

We also do not agree with Serianni that the *Apprendi* rule requires his sentence to be determined by a jury. Under our statutes, trial courts are generally responsible for determining sentences within statutory parameters. *See* 42 Pa.C.S.A. § 9721. The *Apprendi* rule preserves the criminal jury trial right only with respect to those facts that increase maximum sentences. The *Apprendi* rule does not undermine the trial court's ability to impose sentences below the statutory maximum. Serianni's fourth issue fails.

In his fifth issue, Serianni contends that his "guilty plea is invalid as it was not knowingly and intelligently entered." Serianni's Brief at V. Since Serianni filed a timely post-sentence motion to withdraw his plea, we find his challenge to the validity of his guilty plea preserved on appeal. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).

A trial court should only grant a post-sentence motion to withdraw a guilty plea to prevent a manifest injustice. *Commonwealth v. Shaffer*, 712 A.2d 749, 756–57 (Pa. 1998). Manifest injustice occurs if the trial court

- 8 -

accepts a guilty plea that was not tendered knowingly, intelligently, and voluntarily. *Id.* at 757. In determining the validity of a guilty plea, a court must examine the totality of the circumstances. *Id.* "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018).

An appellate court's standard of review is distinct from that of a trial court. We will only intervene when the trial court's denial of a post-sentence motion to withdraw a guilty plea amounts to an abuse of discretion. *Schaffer*, 712 A.2d at 757. "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id.*

Here, we discern no abuse of discretion. In his written guilty plea colloquy, Serianni confirmed that his guilty plea was entered voluntarily, knowingly, and intelligently. Written Guilty Plea Colloquy, 1/22/20, at 2. The trial court, in turn, found that Serianni entered the plea voluntarily, knowingly, and intelligently. Furthermore, the Commonwealth provided Serianni with proper notice of the charges against him. The criminal information, which Serianni now seeks to challenge on appeal, fully complies with our Rules of Criminal Procedure, as it contains the proper signature, caption, name, applicable dates, county at issue, offense elements, and concluding

statement. Pa.R.Crim.P. 560(B). Before the trial court, Serianni testified that he had adequate time to consult with his attorney regarding the guilty plea and that he fully understood the written guilty plea colloquy. Thus, we find that the trial court did not abuse its discretion in denying Serianni's post-sentence motion to withdraw his guilty plea.

Serianni also contends throughout his brief that his sentence was excessive. However, Serianni failed to challenge the discretionary aspects of his sentencing in either the sentencing proceeding or in a post-sentence motion to modify sentence. Thus, we find this claim waived on appeal. ***Commonwealth v. Reeves***, 778 A.2d 691, 692 (Pa. Super. 2001).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2022

- 10 -