Circulated 07/19/2023 11:36 AM

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :

              : 

       v.                         : CP-23-CR-0000410-2022

              :

DEANDRE R TAYLOR, II            :

Catherine Kiefer, Esquire, for the Commonwealth
Stefanie McArdle, Esquire, for the Defendant

## OPINION

Brennan, J.                                    November 9, 2022

## I. PROCEDURAL BACKGROUND AND STATEMENT OF FACTS

After a Bench trial on June 21, 2022, Deandre R. Taylor, II

(Defendant/Appellant) was convicted of Driving Under the Influence, General

Impairment, Incapable of Driving Safely B 1st Offense,[1] and acquitted of the

summary traffic offense. On August 15, 2022, Appellant was sentenced to six [6]

months' probation, ordered to undergo a drug and alcohol evaluation, to attend a

safe driving program, to pay a $300 fine and $100 in costs. On September 7, 2022,

Defendant filed a timely Notice of Appeal from imposition of sentence.

The following facts were presented at trial. Trooper Betancourt is employed

---

[1] 75 P.S. ' 3802 " A1

by the Pennsylvania State Police. At the time of this incident, he was in the patrol unit. The entire incident was recorded on the State Police MVR device affixed to the windshield of the marked patrol vehicle. On August 29, 2021, Trooper Betancourt was on Exit 6 off-ramp of I-95 when he observed the Defendant did not use his turn signal when changing lanes and then accelerated to 75mph in a 55mph zone. After the stop, Trooper Betancourt smelled the odor of alcoholic beverage emanating from the vehicle. The defendant was ordered to exit the vehicle. As the Defendant stepped away from the vehicle, Trooper Betancourt smelled the odor of alcohol coming from his person. Trooper Betancourt could see into Defendant's eyes and observed that they were blood-shot and glassy. Trooper Betancourt then administered field sobriety tests. On the walk and turn test, Trooper Betancourt observed four out of the eight validated clues. Scoring two validating clues is an indication the person is .08 or higher. Trooper Betancourt next administered the one-legged stand test. On that test, Trooper Betancourt observed three of the four validated clues. Based on the totality of his interaction with the Defendant, Trooper Betancourt formed the opinion he was under the influence of alcoholic beverages to a degree that rendered him incapable of safely operating a motor vehicle.

II. DISCUSSION

2

Defendant challenges the sufficiency of the evidence to convict him of Driving Under the Influence. The standard of review in Pennsylvania for sufficiency of the evidence claims is well settled:

"In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable [the factfinder] to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."

*Commonwealth v. Coon*, 695 A.2d 794, 797 (Pa. Super. 1997) Moreover, when reviewing the sufficiency of the evidence, an Appellate Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions they may not be disturbed. *Commonwealth v. Marks*, 704 A.2d 1095, 1098 (Pa. Super. 1997) (citing *Commonwealth v. Mudrick*, 507 A.2d 1212, 1213 (Pa., 1986)). An appellate court must view the evidence in the light most favorable to the Commonwealth as verdict winner and must draw all reasonable

3

inferences favorable to the Commonwealth to determine if the factfinder could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Mitchell*, 839 A.2d 202, 205 (Pa. 2003). Circumstantial evidence alone can be sufficient to convict a person of a crime. *Commonwealth v. Watkins*, 843 A.2d 1203, 1211 (Pa. 2003). In evaluating the sufficiency of the evidence where a conviction is based on circumstantial evidence, the circumstantial evidence must be considered in light of all the inferences and conclusions that reasonably and logically can be drawn therefrom. *Commonwealth v. Rivers*, 644 A.2d 710, 714 (Pa. 1994). The factfinder is free to accept all, part, or none of the witnesses' testimony. *Watkins*, supra. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. *Commonwealth v. Santana*, 333 A.2d 876 (Pa. 1975).

In this case, sufficient evidence existed to sustain Defendant's conviction for DUI, general impairment. To be convicted of DUI, the Commonwealth must prove that the Defendant was rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle. 75 Pa. C.S. Section

4

3802(a)(1). Thus, the Commonwealth must prove:

(1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him or her incapable of safe driving. To establish the second element, it must be shown that alcohol has substantially impaired the normal mental and physical faculties required to safely operate the vehicle. Substantial impairment, in this context, means a diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. *Commonwealth v. Smith*, 831 A.2d 636, 638 (Pa. Super. 2003).

Defendant does not dispute he was driving. Rather, he alleges the evidence was insufficient to establish that he imbibed enough alcohol to render him incapable of safe driving. He contends he did not exhibit any evidence of alcohol impairment, that he reacted appropriately, and was cooperative with arresting Officers. Defendant's argument lacks merit. The focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol, not on a particular blood alcohol level. *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009); see also *Commonwealth v. Teems*, 74 A.3d 142, 145 (Pa. Super. 2013) (citations omitted). A blood alcohol test is not necessary to prove general

5

impairment under this statute. *Commonwealth v. Eichler*, 133 A.3d 775, 790 (Pa. Super. 2016).

There are numerous cases substantially similar to the instant case where the Superior Court found evidence sufficient to convict defendants of DUI General Impairment. In *Commonwealth v. Mobley*, 14 A.3d 887 (Pa. Super. 2009), the Court found sufficient evidence to sustain the defendant's conviction for DUI where the defendant failed four field sobriety tests, smelled of alcohol, and proceeded to coast though a stop sign despite a police officer being in plain view. In *Commonwealth v. Rishel*, 658 A.2d 352, 357 (Pa. Super. 1995) the Court upheld a conviction of a defendant for DUI where, an hour after a car accident, officers noticed the defendant exuded an odor of alcohol, the Defendant's speech was slurred, she failed two field sobriety tests, and stated she had drunk two sixteen-ounce beers in an evening. In *Commonwealth v. Palmer*, 751 A.2d 223 (Pa. Super. 2000), the Court held that the evidence was sufficient to support a conviction for driving while under the influence of alcohol to a degree that rendered defendant incapable of safe driving. In that case, the arresting officer testified that the defendant exuded the odor of alcohol, that the defendant had glassy, bloodshot eyes, and that the defendant failed field sobriety tests. *Id.* at 228

Further, in *Commonwealth v. Feathers*, 660 A.2d 90 (Pa. Super. 1995), appeal granted in par,t 543 Pa. 401, 672 A.2d 279, affirmed 683 A.2d 289, 546 Pa. 139, the Court found that evidence that the driver was not in control of herself, such as failing to pass the field sobriety test, can establish that the driver was under the influence of alcohol to a degree which rendered her incapable of safe driving. *Id.* In that case, the defendant had a strong odor of alcohol on her breath and about her person and that she had trouble in producing her license and insurance card. Additionally, the defendant had bloodshot eyes, had difficulty standing and producing documentation, and failed field sobriety tests. *Id.*

It should be noted that in *Palmer* and *Feathers*, the arresting officers did not observe any erratic driving on the parts of the defendants. In *Commonwealth v. Kowalek*, 647 A.2d 948 (Pa. Super 1993), the Court found that a charge of driving under the influence, alleging the driver incapable of safe driving, is not precluded merely because at the time of arrest the driver was not observed to drive unsafely. Erratic driving is but one factor to consider. Thus, the absence of erratic driving is not determinative as to whether sufficient evidence was presented to support a conviction for DUI.

Like *Mobley*, the Commonwealth offered evidence and testimony that, by its

7

totality, establishes sufficient evidence to sustain a verdict of guilty of driving under the influence, general impairment. Trooper Betancourt smelled an odor of alcohol coming from the vehicle. After the Defendant exited the vehicle, Trooper Betancourt smelled an odor of alcohol coming from the Defendant. The Defendant failed two sobriety field tests and showed signs of impairment on a third. Trooper Betancourt observed the Defendant's eyes were watery and glassy. Finally, the Defendant refused a chemical blood test.

To prove a defendant incapable of safe driving, the Commonwealth must show that the defendant is "substantially impaired" by the presence of alcohol. Substantial impairment, in this context, means a "diminution or enfeeblement in the ability to exercise judgment, to deliberate or to react prudently to changing circumstances and conditions." *Commonwealth v. Goldsmith*, 237 A.3d 462 at *2 (Pa. Super. 2020) (citation omitted). Substantial impairment does not imply an extreme lack of control, but only a "diminution or enfeeblement." *Commonwealth v. Griscavage*, 517 A.2d 1256, 1258 (Pa. 1986). A finding of substantial impairment is not based on a particular factor, but a confluence of circumstances that suggest a suspect to be incapable of safe driving. "[A] police officer may utilize both his experience and personal observations to render an opinion as to whether a person is

intoxicated." *Commonwealth v. Kelley*, 438 Pa. Super. 289, 652 A.2d 378, 382 (Pa.Super. 1994) (citing *Commonwealth v. Bowser*, 425 Pa. Super. 24, 624 A.2d 125 (Pa.Super. 1993)).

As noted above, in this case, multiple indicia of substantial impairment were present. Viewed in the light most favorable to the Commonwealth, there was clearly sufficient evidence given the factors outlined above to show Defendant was substantially impaired by the presence of alcohol, and thus incapable of safe driving. The evidence is sufficient to sustain a verdict of guilty for driving under the influence, general impairment.

Judgment of sentence should be affirmed on appeal.


BY THE COURT:



MARY ALICE BRENNAN, J.

2022 NOV -9 PM 3: 06

OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

FILED

9

J-S23025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEANDRE RAMEL TAYLOR, JR. | : | |
| | : | |
| Appellant | : | No. 2372 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 15, 2022,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0000410-2022.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED AUGUST 29, 2023**

Deandre Ramel Taylor, Jr. appeals from the judgment of sentence imposing six months of probation after the trial court convicted him of driving under the influence (general impairment).[1] We affirm.

In the early hours of August 29, 2021, Pennsylvania State Police stopped Taylor's vehicle on Interstate 95. During the stop, Trooper Seth Betancourt smelled alcohol in the vehicle and on Taylor. Taylor's eyes were bloodshot and glassy. He failed two sobriety tests and refused a request to test his blood alcohol content. The troopers arrested him for DUI.

After a bench trial, the court convicted and sentenced Taylor as stated above. This timely appeal followed.

Taylor raises one appellate issue:

> Whether the evidence was insufficient, as a matter of law, to support the conviction for [DUI] where the evidence at

---

[1] *See* 75 Pa.C.S.A. § 3802(a)(1).

trial failed to establish that [Taylor] had imbibed a sufficient amount of alcohol such that he was rendered incapable of safely driving, operating, or being in actual physical control of the movement of the vehicle?

Taylor's Brief at 4. He claims insufficient evidence, because "there was no objective forensic evidence presented to support the [trooper's] testimony . . . that Taylor was incapable of safely operating his vehicle due to alcohol intoxication." *Id.* at 8.

The learned Judge Mary Alice Brennan of the Court of Common Pleas of Delaware County authored a detailed, well-reasoned, 1925(a) Opinion, which correctly disposes of Taylor's claim of error. We therefore adopt it as our own.

The trial court explained that, under this Court's precedents, forensic evidence is not needed to convict for the DUI count that the Commonwealth charged. Taylor's refusal of a blood-draw test deprived the Commonwealth of the evidence that could have supported its claim; Taylor now suggests that this lack of evidence means his conviction should be set aside. However, where, as here, a person refuses a blood-draw test, refusal "may be introduced in evidence along with other testimony concerning the circumstances of the refusal." 75 Pa.C.S.A. § 1547(e). Hence, Taylor's refusal of blood-draw testing, rather than exculpating him, is a fact from which the trial court could (and did) infer his guilt. As the trial court noted, multiple indicia of substantial impairment were noted.

The parties shall attach the trial court's Opinion of November 9, 2022, to this decision in all future filings.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023