## Commonwealth v. Vang

C.P. of Berks County, No. 0745-2014

*Justin Bodor,* for Commonwealth.
*Kelly S. Kline,* for defendant.

BOCCABELLA, *J.,* July 7, 2014—

## FINDINGS OF FACT

1. On Sunday December 15th, 2013, at approximately 11:36 p.m., Officer Gregory M. Shober was on patrol traveling east bound in the 100 block of East Lancaster Avenue in Berks County Pennsylvania.

2. Officer Shober was behind a black Jeep Wrangler (three car lengths). Officer Shober observed the vehicle touch the yellow roadway line in the 100, 300, 500 and 600 block of East Lancaster Avenue (approximately 1 mile). After the vehicle struck the line, it drifted to the center of his lane of travel. Officer Shober initiated a traffic stop.

## CONCLUSIONS OF LAW

1. "Where a defendant files a motion to suppress, the burdens of production and persuasion are on the Commonwealth to prove the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. West*, 834 A.2d 625 at 629 (Pa. Super. 2003), citing *Commonwealth v. Wilmington*, 729 A.2d 1160 (Pa. Super. 1999); *See also* Pa.R.Crim.P. 581(H).

2. Section 6308(b) of the Motor Vehicle Code provides:

*Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.*

75 Pa. C.S.A. § 6308(b).

3. "Thus, when an officer has reasonable suspicion a violation of the Vehicle Code is occurring or has occurred, he may interrupt the privileged operation of a vehicle on the public highways and stop the vehicle for the investigative purposes stated therein." *Commonwealth v. Chase*, 960 A.2d 108, 112 (Pa. 2008) citing 75 Pa. C.S.A. § 6308(b).

4. "To establish grounds for 'reasonable suspicion' … the officer must articulate specific observations which, in conjunction with reasonable inferences derived from these observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and the person he stopped was involved in that activity."

*Commonwealth v. Little*, 903 A.2d 1269, 1272 (Pa. Super. 2006) citing *Commonwealth v. Bennet*, 827 A.2d 469, 477 (Pa. Super. 2003) (citing *Commonwealth v. Cook*, 558 Pa.50, 735 A.2d 673, 676 (1999)).

5. "In order to determine whether the police had a reasonable suspicion, the totality of the circumstances-the whole picture-must be considered." *In the Interest of D.M.*, 781 A.2d 1161, 1163 (Pa.2001) *citing United States v. Cortez*, 449 U.S. 411, 417 (1981).

6. In making this determination, we must give "due weight...to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of his experience." *Commonwealth v. Cook*, 735 A.2d 673, 676 (Pa.1999) quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968).

7. Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "[e]ven a combination of innocent facts, when taken together, may warrant further investigation by the police officer." *Commonwealth v. Cook*, 735 A.2d 673, 676 (Pa.1999) quoting *Terry v. Ohio*, 392 U.S. 1, 22 (1968).

8. "Reasonable suspicion sufficient to stop a motorist must be viewed from the standpoint of an objectively reasonable police officer." *Commonwealth v. Chase*, 960 A.2d 108, 120 (Pa. 2008) citing *Ornelas v. United States*, 517 U.S. 690, 696 (1996).

9. "While it is argued the lesser standard [reasonable suspicion] will allow a vehicle stop to be made based on pretextual motives, the United States Supreme Court made clear that case law 'foreclose[s] any argument that the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers

involved.'" *Commonwealth v. Chase*, 960 A.2d 108, 120 (Pa. 2008) citing *Whren v. United States*, 517 U.S. 806, 813 (1996); *see also Commonwealth v. Foglia*, 979 A.2d 357, 361-62 (Pa. Super. 2009) (Stating that observations made after the officer intends to stop the defendant can be used to support their actions).

10. "In other words, if police can articulate a reasonable suspicion of a vehicle code violation, a constitutional inquiry into the officer's motive for stopping the vehicle is unnecessary." *Commonwealth v. Chase*, 960 A.2d 108, 120 (Pa. 2008).

11. "Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008) quoting *Commonwealth v. Dommel*, 885 A.2d 998, 1002 (Pa. Super. 2005), *appeal denied*, 920 A.2d 831 (Pa. 2007) (quoting *In re C.C.J.*, 799 A.2d 116, 121 (Pa. Super. 2002))

12. "Probable cause exists if there are facts available at the time of apprehension which would justify a reasonable man in the belief that a crime has been or is about to be committed and the person arrested probably is the perpetrator." *Commonwealth v. Gambit*, 418 A.2d 554, 557 (Pa. Super. 1980).

13. "[P]robable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." *Commonwealth v. Cook*, 865 A.2d 869, 875 (Pa. Super. 2004) quoting *Commonwealth v. Lindblom*, 854 A.2d 604,

607 (Pa. Super. 2004).

14. "We evaluate probable cause by considering all relevant facts under a totality of circumstances analysis." *Commonwealth v. Hernandez*, 935 A.2d 1275, 1284 (Pa. 2007) citing *Commonwealth v. Luv*, 735 A.2d 87, 90 (Pa. 1999) (citing *Commonwealth v. Gray*, 503 A.2d 921 (Pa. 1985)).

15. "Where a defendant files a motion to suppress, the burdens of production and persuasion are on the Commonwealth to prove the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. West*, 834 A.2d 625 at 629 (Pa. Super. 2003), citing *Commonwealth v. Wilmington*, 729 A.2d 1160 (Pa. Super. 1999); *See also* Pa.R.Crim.P. 581(H).

16. "In evaluating an accuser's entitlement to pre-trial habeas corpus relief, a trial court must determine whether there is sufficient evidence to make out a *prima facie* case that the defendant committed the crime with which he or she is charged." *Commonwealth v. Hock*, 728 A.2d 943, 945 (Pa. 1999); *See generally Commonwealth v. Rachau,* 670 A.2d 731, 733 n.5 (Pa. Commw. 1996) citing *Commonwealth v. Kowalek*, 647 A.2d 948, 949 (Pa. Super. 1994).

17. "A *prima facie* case of defendant's guilt exists, so as to satisfy Commonwealth's burden at pre-trial stage of criminal prosecution, when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense." *Commonwealth v. Huggins*, 836 A.2d 862, 866 (Pa. 2003) citing *Commonwealth v. McBride*, 595 A.2d 589, 591 (Pa. 1991) (citing *Commonwealth v. Wojdak*, 466 A.2d 991 (Pa. 1983)).

18. "The evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to go to the jury." *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001).

19. "In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Commonwealth v. Schmohl*, --- A.2d ----, 2009 WL 1451451, filed May 26, 2009.

20. "[I]nferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case." *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa. Super. 2001) quoting *Commonwealth v. Owen*, 580 A.2d 412, 414 (Pa. Super. 1990).

75 Pa.C.S.A. § 3301(a). Driving on right side of roadway.

(a) General rule.--Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows:

(1) When overtaking and passing another vehicle proceeding in the same direction where permitted by the rules governing such movement.

(2) When an obstruction exists making it necessary to drive to the left of the center of the roadway, provided the driver yields the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the roadway within such distance as to constitute a hazard.

(3) When and where official traffic-control devices are

in place designating a lane or lanes to the left side of the center of the roadway for the movement indicated by the devices.

(4) Upon a roadway restricted to one-way traffic.

(5) When making a left turn as provided in Sections 3322 (relating to vehicle turning left) and 3331 (relating to required position and method of turning).

(6) In accordance with Section 3303(a)(3) (relating to overtaking vehicle on the left).

21. In this case, Officer Shober was on patrol traveling east bound in the 100 block of East Lancaster Avenue. While on duty, his attention was captured by a vehicle approximately 30 yards in front of him. Officer Shober observed the vehicle "*touch*" the yellow roadway line four (4) times within a one (1) mile distance. Officer Shober conducted a traffic stop. When Officer Shober initiated contact with the defendant, he also noticed a minor in the back seat of the vehicle. While Officer Shober was conversing with the defendant, he smelled a strong odor of an alcoholic beverage emanating from his breath. He asked the defendant how much he had to drink. The defendant responded and said "four (4) to six (6) beers."

After the conversation, Trooper Garipoli asked the defendant to step out of the vehicle to perform the Field Sobriety Tests. The defendant failed three (3) tests that were given to him. Officer Shober retrieved his PBT from his car and asked the defendant to submit to a breathalyzer. The defendant agreed and the results were positive for alcohol consumption. The defendant was arrested for the suspicion of DUI. He was transported to a DUI Center and the defendants legal blood alcohol content at the time of the incident was .125%

Officer Shober *did not* have reasonable suspicion/ probable cause to stop the vehicle based on his own observation of the vehicle touching the yellow line four (4) times. Officer Shober testified that while the vehicle was touching the line, there were no vehicles in opposing direction. He also noted that the vehicle did nothing erratic while drifting to the center of his lane of travel (no jerking motion). In *Gleason, supra,* the Supreme Court addressed the issue of assessing when an officer has sufficient indicia of erratic driving to give the officer probable cause to stop a vehicle. Specifically, the defendant in Gleason was followed by a police officer for one *quarter of a mile* and, over that distance, the officer observed the defendant's vehicle *cross* the solid fog line two or three times. The Supreme Court concluded that "given the early morning hour, the fact that there was *no other traffic on the roadway* and the rather *momentary nature* of the defendant's vehicle crossing the fog line..., the officer erred in believing he had justification to stop the defendant's vehicle." *Gleason, 785 A.2d at 985-986.*

Moreover, in *Commonwealth v. Battaglia,* 802 A.2d 652 (Pa. Super. 2002), a panel of the court concluded that an officer's *perception* that a defendant was driving erratically because he weaved *within his lane,* drove five to ten miles per hour under the speed limit, and crossed over the white fog line was *not sufficient probable* cause to stop the defendant's vehicle. Furthermore, if the Commonwealth of Pennsylvania argues that the defendant's drifting constitutes erratic driving, it is *not per se* violation of the Vehicle Code so as to justify a traffic stop, and defendant's driving did not pose a hazard to other motorists, *Commonwealth. v. Klopp* 863 A.2d 1211 (Pa. Super. 2004).

Lastly, the most direct case is *Commonwealth v.*

*Chernosky,* 2004 PA Super 272. "The court held that where a vehicle is observed "*drifting* to the right so as to almost strike a telephone pole ... *crossing* the center line more than once ... drifting from the left side to the right side of the road ... and *swerving* within the lane of travel *823 [i.e.,] not driving in a straight path," *probable cause is not established* and a traffic stop based on such observations was *unlawful.* FN2 Id. at ¶

The *Chernosky* majority noted that the driver did not exceed the speed the limit and obeyed all stop signs. The court also noted that there was no other traffic on the road at the time. Id."

As you can see in this case, the defendant was not speeding, weaving, or breaking erratically. The defendant posed no safety hazard when his vehicle simply touched the yellow line with no oncoming traffic. The defendant *did not* even cross the line, and there is no evidence that he left his traveling lane. Furthermore, there is no evidence presented to the court of oncoming traffic. Therefore, at the time of the stop, Officer Shober lacked specific facts, which would have provided probable cause to believe that the defendant was in violation of Section 3301(a) Driving on Right Side of Roadway. Based on the totality of the circumstances, the court finds that the Commonwealth has not met its burden in establishing sufficient probable cause for the vehicle stop. Accordingly, the defendant's statements are inadmissible as evidence and the seizure did occur in violation of the defendant's constitutional rights (Article I, Section 8 of the Pennsylvania Constitution.)

22. The defendant's motion for suppression of the evidence is granted.

In this case, having determined that the vehicle stop was not proper, the court finds that the Commonwealth

has not presented sufficient evidence to establish a prima facie case with respect to all counts.

23. The defendant's motion for writ of habeas corpus is denied at this time.

### ORDER

And now, this 7th day of July, 2014, it is hereby ordered that the defendant's motion for suppression of the evidence and statements is granted. The defendant's motion for writ of habeas corpus is denied at this time.