J-S59029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDA ALLEN | : | |
| | : | |
| Appellant | : | No. 152 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 14, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002877-2018

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 31, 2020**

Linda Allen appeals from the judgment of sentence, entered in the Court
of Common Pleas of Delaware County, following her convictions for driving
under the influence (DUI)—general impairment,[1] possession of a controlled
substance,[2] habitual offenders,[3] possession of marijuana,[4] possession of drug
paraphernalia,[5] driving on a suspended license,[6] and driving without a

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 35 P.S. § 780-113(a)(16).

[3] 75 Pa.C.S.A. § 6503.1.

[4] 35 P.S. § 780-113(a)(31).

[5] 35 P.S. § 780-113(a)(32).

[6] 75 Pa.C.S.A. § 1543(b)(1).

license.[7]  On appeal, Allen challenges the sufficiency of the evidence for her DUI conviction only.   Upon careful review, we vacate her conviction and reverse the judgment of sentence as to that count.

On the evening of February 8, 2018, Corporal Kevin Lappin of the Upper Providence Township Police Department was in a marked patrol vehicle monitoring traffic on Baltimore Pike in Upper Providence Township, Delaware County.  N.T. Trial, 10/9/18, at 9-10.  At approximately 9:04 p.m., a maroon truck drove past Corporal Lappin, who checked the status of its registration. *Id.* at 10.  PennDOT records indicated that the truck was registered to Allen and that Allen's driver's license was suspended.  *Id.* at 10-11.  Corporal Lappin began following the truck and used the computer system in his police vehicle to obtain a photo of Allen from the Pennsylvania Justice Network (JNET) system.  *Id.* at 11.  He determined that the driver looked like the photo of Allen on the system.  *Id.*  The JNET system also confirmed that Allen's license had been suspended for DUI.  *Id.* at 11-12.  Based on this information, Corporal Lappin initiated a traffic stop of the truck and confirmed that Allen was driving the truck.  *Id.* at 12-13.

When Corporal Lappin spoke with Allen, she told him she was lost.  *Id.* at 13.  Allen appeared jittery, and she could not keep her head or arms still. *Id.*  She had glassy and red eyes.  *Id.*  She spoke with a slow and slurred manner of speech.  *Id.* at 43.

---

[7] 75 Pa.C.S.A. § 1501(a).

- 2 -

At the time of this traffic stop, Corporal Lappin had twenty years of experience as a police officer and had previously made between 100 and 125 DUI arrests. *Id.* at 14. Corporal Lappin had also attended an Advanced Roadside Impairment Driving Enforcement (ARIDE) class. *Id.* at 13. The ARIDE class included training on field sobriety tests and signs of impairment relating to prescription drugs. *Id.* at 14. Based upon his observation and training, Corporal Lappin believed Allen was an impaired driver. *Id.* at 14-15.

Allen told Corporal Lappin that she had taken Clonazepam and other medications. *Id.* at 15. When asked if there were any medications in her vehicle, she pulled a bag towards her, and various items fell out of the bag, including a dark green glassine pipe used for smoking marijuana and a glass vial containing a green vegetable-like substance that Corporal Lappin suspected was marijuana. *Id.* at 15. Allen then emptied her pockets, pulling out a second glassine pipe and another vial containing more suspected marijuana. *Id.* at 16. Allen confirmed that she possessed marijuana and she admitted that she smoked some marijuana about an hour earlier. *Id.* at 16.

Corporal Lappin administered several field sobriety tests to determine if Allen was impaired and unable to safely drive. *Id.* at 16, 38. Corporal Lappin administered the horizontal gaze nystagmus (HGN) test, the walk-and-turn test, and the one-legged-stand test. *Id.* at 16. The HGN test did not reveal signs of impairment. *Id.* at 17. Corporal Lappin testified that exhibiting two of the eight possible clues during the walk-and-turn test is sufficient to indicate impairment. *Id.* at 17, 41. Allen exhibited five clues during the walk-and-

turn test, including the inability to maintain her balance, not walking heel to toe, and not walking the proper number of steps. *Id.* at 17-18, 40. Allen also failed the one-legged-stand test. *Id.* at 41. Allen's difficulty performing these field sobriety tests led Corporal Lappin to conclude that she was impaired. *Id.* at 12-14.

Corporal Lappin placed Allen under arrest and then read her the DL-26B Form, which contained the chemical test warnings. *Id.* at 19, 24-25. After the warnings were read, Allen stated that she did not know if she would submit to the test. *Id.* at 25. Allen also said that she took Xanax earlier and lacked a prescription for it. *Id.* Corporal Lappin recorded her responses on the bottom of the form along with the time. *Id.*; Commonwealth's Ex. 5. The DL-26B Form contains an affidavit for the arresting officer to complete and sign if the arrestee refuses to submit to chemical testing. Commonwealth's Ex. 5. Corporal Lappin did not complete this affidavit. *Id.* There were no exhibits or further testimony indicating whether Allen agreed or refused to submit to chemical testing of either her breath or blood. Also, there was no testimony about whether the police obtained a search warrant to draw Allen's blood for chemical testing.

At trial, the parties stipulated that the police recovered Alprazolam (Xanax), Clonazepam, and marijuana from Allen's vehicle. N.T. Trial, 10/9/18, at 5-8. During closing arguments, the assistant district attorney stated, "I will make no argument to Count One about the alcohol." *Id.* at 49.

The trial court found Allen guilty of the above crimes, and on December 14, 2018, the trial court sentenced Allen to an aggregate sentence of sixty days to six months of incarceration, and a concurrent term of probation of six months. Specifically, the trial court sentenced Allen to a mandatory minimum term of seventy-two hours to six months' incarceration, plus a fine of $1,000 for the DUI—general impairment conviction because Allen refused to submit to chemical blood testing. N.T. Sentencing, 12/14/18, at 3-4, 13; **see also** 75 Pa.C.S.A. § 3804(c)(1). The trial court also imposed a flat sentence of sixty days of incarceration for the driving under suspension—DUI related conviction, plus a $500 fine, to run concurrently with the sentence for the DUI conviction. N.T. Sentencing, 12/14/18, at 5. Allen was also sentenced to a total term of six months of probation on the other convictions, concurrent to her sentence of incarceration, plus a fine of $200. **Id.**

Allen timely appealed on January 11, 2019. On February 1, 2019, Allen's counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating that he intended to file an **Anders**[8] brief with this Court. In light of this statement, the trial court filed a Rule 1925(a) opinion on February 5, 2019, stating that no further explanation of Allen's conviction and sentence was necessary.

---

[8] **Anders v. California**, 386 U.S. 738 (1967) (providing that if counsel wishes to withdraw because he finds appeal to be wholly frivolous, he must accompany request to withdraw with brief referring to anything in record that might arguably support appeal); **see also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) (requiring that **Anders** brief also explain counsel's reasons for concluding that appeal is frivolous).

On March 12, 2019, Allen's counsel filed with this Court an application to suspend briefing schedule and a request for remand to file a Rule 1925(b) statement of errors complained of on appeal. Therein, counsel stated that after further review of the record, he discovered a meritorious issue and requested the case be remanded to the trial court so he could file a Rule 1925(b) statement on Allen's behalf. This Court granted counsel's application on March 26, 2019, and remanded the certified record and application to the trial court for a period of sixty days. Allen and the trial court complied with Rule 1925 and the supplemented certified record was returned to this Court on April 25, 2019.

Allen presents a single issue for our review:

> Whether the evidence was insufficient to sustain the conviction of driving under the influence under 75 Pa.C.S.[A.] § 3802(a)(1) where the Commonwealth presented no evidence that [Allen] imbibed alcohol prior to operating the vehicle and failed to prove beyond a reasonable doubt that she was unlawfully impaired by alcohol at the time in question?

Brief of Appellant, at 5.

Allen claims that the evidence was insufficient to sustain her conviction for DUI—general impairment where there no was no evidence that alcohol impaired her ability to drive. *Id.* at 10, 12. She argues that the Commonwealth failed to prove all elements of DUI—general impairment beyond a reasonable doubt. *Id.* at 11-12. We agree.

It is well-settled that:

Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary. We review the evidence in the light most favorable to the verdict winner to determine whether there is sufficient evidence to allow the [fact-finder] to find every element of a crime beyond a reasonable doubt.

***Commonwealth v. Tejada***, 107 A.3d 788, 792 (Pa. Super. 2015) (citations and quotation marks omitted).

In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [fact-finder,] while passing upon the credibility of the witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

***Commonwealth v. Cahill***, 95 A.3d 298, 300 (Pa. Super. 2014).

The statute under which Allen was convicted provides that: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of *alcohol* such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1) (emphasis added). Accordingly, "the Commonwealth must show: (1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of *alcohol* to such

- 7 -

a degree as to render [her] incapable of safe driving." ***Commonwealth v. Smith***, 831 A.2d 636, 638 (Pa. Super. 2003) (emphasis added).

At the outset, it is not disputed that Allen was operating a motor vehicle, as she was the sole occupant of the vehicle when it was stopped. Brief of Appellant, at 12; ***see also*** N.T. Trial, 10/9/18, at 13. Thus, the first element of the offense of DUI—general impairment has been satisfied. ***See Smith***, 831 A.2d at 638.

We explained in ***Commonwealth v. Gause***, 164 A.3d 532 (Pa. Super. 2017) (en banc), that, in order to "establish the second element [of § 3802(a)(1)], the Commonwealth must show that *alcohol* has substantially impaired the normal and physical faculties required to safely operate the vehicle." ***Id.*** at 541, quoting ***Commonwealth v. Palmer***, 751 A.2d 223, 228 (Pa. Super. 2008) (emphasis added) (citations and quotation marks omitted). In ***Gause***, we concluded that the defendant's conviction under section 3802(a)(1) was not supported by sufficient evidence where the arresting officer testified Gause was "not alcohol impaired," even though Gause admitted that he had drank a 12-ounce can of beer before driving, the officer smelled alcohol on Gause, and Gause "completed field sobriety tests with varying levels of success." ***Id.*** at 535. Although the Commonwealth proved Gause operated a vehicle while under the influence of alcohol, we held that the record did not support a conclusion that he was intoxicated to such a degree as to render him incapable of driving safely. ***Id.*** at 542.

In concluding that there was insufficient evidence to sustain Gause's conviction, our court examined a number of cases involving section 3802(a)(1) convictions. *Gause*, *supra* at 541-42. In every case where the conviction was upheld, the Commonwealth presented evidence that the defendant actually consumed alcohol; furthermore, each conviction rested, at least, upon a combination of failed sobriety tests and either: (1) an officer smelling alcohol emanating from the defendant; or (2) the defendant's admission that he/she drank alcohol before driving. *Id.* at 542, citing *Commonwealth v. Segida,* 985 A.2d 871, 880 (Pa. 2009) (sufficient evidence where defendant admitted that he drank before driving, officer smelled strong odor of alcohol on defendant, and defendant failed field sobriety tests); *Commonwealth v. Teems*, 74 A.3d 142, 146 (Pa. Super. 2013) (sufficient evidence where officer smelled strong odor of alcohol, defendant had red, glassy eyes and slurred speech, defendant failed to blow properly into portable alcohol breath test machine, and blood test at hospital revealed BAC of .143); *Commonwealth v. Feathers*, 660 A.2d 90 (Pa. Super. 1995) (defendant's glassy eyes, slurred speech, odor of alcohol, inability to stand, and failure of field sobriety tests deemed sufficient to support DUI conviction); *Commonwealth v. Kowalek*, 647 A.2d 948 (Pa. Super. 1994) (defendant's bloodshot eyes, slurred speech, strong odor of alcohol, difficulty producing license and registration, and failure of field sobriety tests deemed sufficient to support conviction); *see also*

*Commonwealth v. Eichler*, 133 A.3d 775 (Pa. Super. 2016) (sufficient evidence where defendant smelled of alcohol, admitted to drinking, had bloodshot eyes, and had BAC of .30).

The matter *sub judice* is readily distinguishable. Here, "there was no testimony that Corporal Lappin smelled alcohol in the vehicle or emanating from [Allen's] person[,] nor did [Allen] admit to imbibing any alcohol prior to the stop." Trial Court Opinion, 4/23/19, at 8. Furthermore, there was no evidence of Allen's blood-alcohol content or the results of any other chemical test. The trial court concluded, however, that "it was clear that [Allen] was absolutely not capable of operating a motor vehicle due to impairment" from alcohol. *Id.* at 9. The trial court based its conclusion on Allen's red and glassy eyes, slow and slurred speech, irregular behavior, and failing two field sobriety tests.[9] *Id.* Under established case law, this is not enough.

Instantly, the evidence, even viewed in the light most favorable to the Commonwealth as verdict winner, does not support a conviction of DUI—general impairment under § 3802(a)(1). The statute requires proof of alcohol consumption. *See* 75 Pa.C.S.A. § 3802(a)(1); *Gause*, *supra*. The

---

[9] We note that these signs of intoxication are plausibly attributable to the combination of drugs Allen admitted to taking before driving. In fact, in *Gause*, we recognized that "staggering, stumbling, glassy or bloodshot eyes, and slurred speech" are signs of intoxication attributable to ingesting controlled substances including marijuana. *Gause*, *supra* at 539. Here, Allen admitted to smoking marijuana and taking two additional drugs before driving, one being a sedative, and at least one of which she was not prescribed.

- 10 -

Commonwealth simply did not offer any proof of alcohol consumption here. Accordingly, the Commonwealth did not prove beyond a reasonable doubt that Allen, at the time of driving, was incapable of doing so safely due to the consumption of alcohol.

Conviction and judgment of sentence vacated as to DUI. All remaining convictions affirmed. Case remanded for resentencing consistent with this memorandum.[10] Jurisdiction relinquished.

Judge McLaughlin joins this Memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2020

---

[10] As we believe that vacating the DUI penalty in this matter disturbs the trial court's overall sentencing scheme, we remand for resentencing. ***See Commonwealth v. Thur***, 906 A.2d 552, 570 (Pa. Super. 2006).