J-S12041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:           PENNSYLVANIA
:
v.                :
:
:
VIRGINIA GOLDSMITH          :
:
Appellant         :   No. 1971 EDA 2019

Appeal from the Judgment of Sentence Entered June 14, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  Cp-46-CR-0005634-2018

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED MAY 19, 2020**

Appellant, Virginia Goldsmith, appeals from the judgment of sentence imposed following her non-jury trial conviction of driving under the influence ("DUI")-general impairment.[1]  We affirm.

At approximately 1:30 am on April 14, 2018, Officer Thomas Lawson of the Souderton Borough Police Department pulled Appellant's vehicle over after he noticed her driving erratically.  Officer Lawson attempted to administer field sobriety tests to Appellant, but she was not able to complete the tests.  Officer Lawson arrested Appellant, and she was charged with the DUI-general impairment offense.  Appellant proceeded to a June 14, 2019 bench trial at

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

which she and Officer Lawson testified. At the conclusion of trial, the trial court found Appellant guilty of the DUI offense and sentenced her to a six-month term of probation and to pay a $300 fine and court costs. Appellant filed a timely appeal of the judgment of sentence.[2]

Appellant presents the following issue for our review:

Was the evidence insufficient as a matter of law for the court to convict [Appellant] of 75 Pa.C.S. § 3802(a)(1) DUI/Unsafe Driving when there was insufficient evidence that she operated a vehicle "after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."

Appellant's Brief at 2. Appellant argues that the evidence was insufficient to establish her conviction because the Commonwealth did not prove that she had imbibed a sufficient amount of alcohol that she was incapable of driving safely. Appellant argues that no blood test was performed showing the concentration of alcohol in her blood and she notes her testimony that she had not been drinking in the hours before her arrest and she had only had "a couple drinks" of brandy at approximately 1:00 pm on the day before. N.T., 6/14/19, at 47-48. Appellant further cites her testimony that she was not asked to perform field sobriety tests at the scene of her arrest. *Id.* at 45-46.

Our standard of review when considering a challenge to the sufficiency of the evidence is well-settled:

_____

[2] Appellant filed her concise statement of errors complained of on appeal on August 5, 2019, and the trial court filed its opinion on September 3, 2019.

- 2 -

[w]hen reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Hill*, 210 A.3d 1104, 1112 (Pa. Super. 2019) (citations, quotation marks, and brackets omitted).

Section 3802(a)(1) of the Vehicle Code, the statute under which Appellant was convicted, provides that: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). "In order to prove a violation of this section, the Commonwealth must show: (1) that the defendant was the operator of a motor vehicle and (2) that while operating the vehicle, the defendant was under the influence of alcohol to such a degree as to render him incapable of safe driving." *Commonwealth v. Gause*, 164 A.3d 532, 541 (Pa. Super. 2017) (*en banc*). To establish the second element of the DUI-general impairment offense, the Commonwealth must show that alcohol has

substantially impaired the normal mental and physical faculties required to safely operate the vehicle. Substantial impairment, in this context, means a diminution or enfeeblement in the ability to

exercise judgment, to deliberate or to react prudently to changing circumstances and conditions. Evidence that the driver was not in control of himself, such as failing to pass a field sobriety test, may establish that the driver was under the influence of alcohol to a degree which rendered him incapable of safe driving, notwithstanding the absence of evidence of erratic or unsafe driving.

*Id.* (citation omitted).

At trial, Officer Lawson testified that he was parked in a marked police car observing traffic from a parking lot adjacent to state route 113 in Souderton Borough. N.T., 6/14/19, at 6. Officer Lawson observed a blue Kia, which was later determined to be Appellant's vehicle, pass by, and the vehicle appeared to him to be operating at a speed in excess of the posted speed limit. *Id.* Officer Lawson pulled out of the parking lot and began to follow Appellant's vehicle on route 113 and then North School Lane; he observed Appellant's vehicle twice swerve into the parking lane and then swerve back into the travel lane in order to avoid parked cars. *Id.* at 6-8. Officer Lawson also observed Appellant's vehicle drift across the center of the roadway into the lane for oncoming traffic and come to a nearly complete stop in the middle of the roadway even though there was no stop sign or traffic light. *Id.* at 8-11. Officer Lawson initiated a traffic stop by activating his lights and sirens; Appellant, however, did not immediately stop but continued to drive for several more blocks and at one point drove up onto the sidewalk before veering back into the roadway. *Id.* at 10-12. Appellant finally made a left turn onto East Summit Street before traveling an additional block and finally bringing the vehicle to a complete stop. *Id.* at 12.

- 4 -

Officer Lawson approached on foot, asked Appellant to turn off the car, and observed that Appellant was the only person in the vehicle. *Id.* at 16-17. While speaking to Appellant, Officer Lawson detected the odor of alcohol on her breath, but she denied having drunk alcohol that night. *Id.* at 17. Officer Lawson asked Appellant to exit the vehicle onto the sidewalk; as Appellant exited and began to walk, the officer noticed that Appellant was unsteady on her feet. *Id.* at 19. Officer Lawson asked Appellant to perform two field sobriety tests: the "walk and turn" test and the "finger count" test; Appellant was not able to follow the instructions to be able to attempt the first test and she likewise could not perform the second test. *Id.* at 19-22.

Officer Lawson then placed Appellant under arrest. *Id.* at 23. Officer Lawson twice requested that Appellant submit to a blood test and read the Department of Transportation's DL-26 implied consent warning form. *Id.* at 23-24. After the first request, Appellant stated that she would not consent to the test and on the second reading Appellant refused to answer, which Officer Lawson interpreted to a be a refusal to submit to testing. *Id.*

Upon a full review of the record and viewing the evidence in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient to establish Appellant's conviction for DUI-general impairment. First, it is uncontested that Appellant was operating a motor vehicle on April 14, 2018. Furthermore, Officer Lawson's testimony that he "could detect the odor of an alcoholic beverage coming from her breath and her person" supports that she had consumed alcohol prior to driving. *Id.* at 17. While

Appellant denied having drunk alcohol within the 12 hours prior to her arrest, the trial court as fact-finder was free to believe all, part, or none of Appellant's testimony offered in her defense. *Hill*, 210 A.3d at 1112.

In addition, the Commonwealth proved that Appellant's mental and physical faculties were substantially impaired such that she was incapable of safely driving her vehicle. Officer Lawson testified that, while he was following Appellant's vehicle, he observed Appellant twice swerve into the parking lane and narrowly avoid hitting parked cars; drift across the center of the road into the opposite lane; come to nearly a complete stop while on the roadway where no stop was required; and briefly drive onto the sidewalk before turning back onto the roadway. When Officer Lawson asked Appellant to exit her vehicle to perform the field sobriety tests, Appellant was unsteady on her feet. Finally, Appellant failed two field sobriety tests that Officer Lawson asked her to perform. This evidence was sufficient to establish Appellant's substantial impairment under Section 3802(a)(1). *Cf. Commonwealth v. Mobley*, 14 A.3d 887, 890 (Pa. Super. 2011) (evidence was sufficient to show substantial impairment under the DUI-general impairment statute where the defendant "failed four separate field sobriety tests, smelled of alcohol, and proceeded to coast through a stop sign despite a police officer being in plain view"); *Commonwealth v. Smith*, 904 A.2d 30, 39 (Pa. Super. 2006) (evidence was sufficient to show substantial impairment where the defendant "drove onto a grassy median, drove in the wrong lane of traffic, smelled of alcohol, was unsteady on her feet, was combative, failed the field sobriety tests, and

refused a blood alcohol test"); ***Commonwealth v. Kowalek***, 647 A.2d 948, 952 (Pa. Super. 1994) (evidence was sufficient to support DUI-general impairment conviction where the defendant smelled of alcohol, had difficulty producing his license and registration, had slurred speech, and was unable to stand on one foot for more than three seconds).

Finally, we reject Appellant's claim that the evidence was insufficient to establish her conviction because no blood test was performed. Unlike the offenses set forth in subsection (a)(2), (b), and (c) of Section 3802 that require that a test to determine blood alcohol level be performed within two hours of the time the defendant drove, ***see*** 75 Pa.C.S. § 3802(a)(2), (b), (c), the DUI-general impairment offense set forth in subsection (a)(1) does not limit the evidence that the Commonwealth can use to prove the defendant's substantial impairment. ***Commonwealth v. Segida***, 985 A.2d 871, 879 (Pa. 2009); ***Commonwealth v. Eichler***, 133 A.3d 775, 790 (Pa. Super. 2016). Therefore, evidence of the defendant's blood alcohol level is not necessary to show substantial impairment under Section 3802(a)(1). ***Segida***, 985 A.2d at 879; ***Eichler***, 133 A.3d at 790.

Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2020